# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES BROWNELL | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-10-245 |
| J. MICHAEL STOUFFER, et al. | * | |
| Defendants | * | |

***

## MEMORANDUM

Pending is Defendants' Motion to Dismiss or for Summary Judgment. ECF No. 19. Plaintiff opposes the motion. ECF No. 28. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendants' motion, construed as a Motion to Dismiss, shall be granted.

## Background

Plaintiff was an inmated confined at the Maryland House of Correction (MHC) until September 13, 2006, when he was transferred to Maryland Correctional Institution Hagerstown (MCIH) to facilitate the closing of MHC. Prior to his transfer Plaintif worked in the Wood Shop Assembly Furniture Manufacturing Plant with Maryland Correctional Enterprise (MCE). ECF No. 1 at p. 3.

Plaintiff states that on January 17, 2007, he was informed that MHC evaluated all of the MCE workers who had been transferred to MCIH and the names of those inmates with a score between 8 and 10 were forwarded for assignment to jobs in the MCIH plants. Staff at MCIH then further screened the inmates whose names had been forwarded for assignment and a portion of those inmates were assigned to jobs. *Id.* Plaintiff discovered on January 19, 2007, he had not

been assigned to a job. He claims he discovered on January 31, 2007, that he had a score of 9 on his evaluation which qualified him for a job in the plant, but was told he did not get the job due to his sentence. He states that four white inmates with life sentences were assigned to jobs in the plant, indicating to him that he did not get the job because he is black. Plaintiff filed a complaint with the Inmate Grievance Office (IGO) stating he had been discriminated against for the job assignment. Plaintiff claims that Warden Rouse falsely stated that Plaintiff did not get the job assignment because he had made verbal threats against her and other correctional staff. Plaintiff's security level was consequently raised from medium security to maximum security.

Plaintiff further alleges that Warden Rouse falsified prison reports provided to Plaintiff's attorney which indicated he had been found guilty of serious institutional infractions including non-consensual sex acts. He claims the false documents were provided in response to a request from his attorney for documents to submit to the sentencing judge for purposes of seeking a reduction in his sentence. Plaintiff believes the false reports were provided an attempt to influence the judge not to reduce his sentence. He claims he suffered unspecified financial damages and "other irreparable injuries" in addition to losing his prison job. ECF No. 1 at pp.4 – 5.

**Standard of Review**

Defendant seeks to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of

Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States recently explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 1964. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 197.

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### Analysis

It is well settled that a cause of action for employment discrimination accrues on the date an employee is discharged, not on the date he discovers other aspects of his claim. *See Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 463 (1975) (date of discharge is date cause of action accrued under 42 U.S.C. §1981); *Morse v. Daily Press, Inc.*, 826 F.2d 1351, 1352 (4th Cir.1987) (date of discharge is accrual date under Age Discrimination in Employment Act). Thus Plaintiff's cause of action for the alleged discriminatory removal from his job was January 17, 2007, not January 31, 2007, as he suggests. *See* ECF No. 28.

Because there is no specific federal statute regarding a statute of limitations for actions filed under 42 U.S.C. §1983, Maryland's three-year statute of limitations[1] applies to the instant civil action. *See e.g., Burnett v. Grattan*, 468 U.S. 42, 45 (1984) (Maryland's general statute of limitations applies to employment civil rights case). The instant complaint, dated January 25, 2010, was filed in this Court on January 28, 2010, eleven days after the the three-year statute of

---

[1] Md. Cts & Jud. Proc. Code Ann. § 5-101.

limitations expired on January 17, 2010. Thus, Plaintiff's claim concerning the alleged wrongful termination from his prison job is time-barred.

The claim regarding false information being provided to Plaintiff's attorney fails to state a claim upon which relief may be granted. Plaintiff fails to specify how he was harmed by the inclusion of erroneous information in documents provided to his attorney. It simply defies logic to conclude that Plaintiff's own attorney would feel compelled to include erroneous, damaging evidence to the sentencing court in a bid to have his sentence reduced.

Two Defendants have not yet filed a response to the Complaint; however, because this Court concludes the claim is time barred the Complaint as to those Defendants will be dismissed. A separate Order follows.

Date: January 18, 2011 _____/s/_____
                                                                                  Alexander Williams, Jr.
                                                                                   United States District Judge